LOTTINGER, Judge.
This is a suit for total and permanent disability under the Louisiana Workmen’s Compensation Laws, LSA-R.S. 23:1021 et seq. The Lower Court dismissed petitioner’s demand and rendered judgment in favor of the defendant. The petitioner has appealed.
The facts show that on or about October 15,1955, petitioner was employed by Clifford E. Fontenot as a “cotton pumper” at the cotton gin of Fontenot located in the Parish of St. Landry, Louisiana. Petitioner claims that while engaged in his work for Fontenot he sustained an accidental injury resulting in a right inguinal hernia. The only question presented is whether or not there was an accident within the scope of the Workmen’s Compensation Law. There is no question but that the employment of petitioner was a hazardous one under the act, and there is also no question that petitioner is presently suffering from a right inguinal hernia.
Petitioner sued Southern Farm Bureau Casualty Insurance Company, the workmen’s compensation insurer of his employer Clifford E. Fontenot. The Lower Court, for oral reasons, rendered judgment in favor of defendant and petitioner has appealed.
As stated above, the only question presented is whether or not petitioner received an accidental injury which would place him within the scope of the compensation act. The petitioner claims that the alleged accident occurred while he was emptying the last sack of cotton on the last day of his employment with Fontenot. Pie alleges that he received a burning sensation in his right sid,e, but that he did not complain’ to any oi his co-workers, one of whom was standing only three (3) or four (4) feet from pletitioner, nor did *927 he complain to his employer who gave him his final wages a short time after the alleged accident. After the alleged accident, petitioner finished his duties which consisted of cleaning up the gin, received his final pay, and went to his brother’s home which was a distance of about three (3) blocks from the cotton gin. Petitioner’s brother testified that petitioner told him of the injury to the right side of his body. Although petitioner’s sister-in-law was also present in the house, no complaint of the alleged injury was made to the sister-in-law.
The accident happened on Saturday. The following week, petitioner applied for employment with the Ashy Construction Company. He was told to see Dr. J. J. Stagg of Eunice, Louisiana for a pre-employment physical examination. Petitioner immediately reported to Dr. Stagg on October 19, 1955, and was rejected as unfit for work with the Construction Company.
After his visit to Dr. Stagg’s office, petitioner immediately notified Mr. Fontenot of his alleged accident, and Mr. Fontenot notified his insurer.
Dr. Stagg, as well as Dr. Savoy of Mamou, Louisiana both testified for behalf of petitioner by deposition. Dr. Stagg testified that in his opinion the hernia had occurred more than two or three days before his examination of petitioner. Dr. Stagg further stated that he had seen men doing extremely hard work with a hernia like the plaintiff had and doing said work without complaint. Dr. Savoy did not examine petitioner until April 10, 1956, however, his testimony definitely established that petitioner had a hernia at that time.
Although the Lower Court did not give written reasons for its judgment, we can safely conclude that its reason for judgment was failure of petitioner to prove the alleged accident as that was the only question involved. Defendant proved that at the time of the alleged accident a co-employee of petitioner was standing within about three (3) feet of petitioner. It is most probable that if an accident had occurred which resulted in pain as claimed by petitioner, he would have made some mention of the fact to his co-worker. Petitioner countered this by virtue of the fact that the petitioner was a man of the colored race, and that, therefore, there was a racial barrier existing between them. The facts show, however, that the two workers cooperated with each other to the fullest extent and that they were always talking and kidding each other. It is strange that petitioner made no mention of the alleged accident to any one except his brother until three (3) or four (4) days after the accident. We feel that he had excellent opportunity to mention the alleged accident to both the co-worker and his employer, and his failure to do so casts great doubt in our minds that an accident did occur.
We feel that the petitioner has failed to prove his demand, and that the findings of the Lower Court were correct.
For the reasons assigned, the judgment of the Lower Court will be affirmed.
Judgment affirmed.